**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6903**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH B. KUBINSKI,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, Senior District Judge. (3:93-cr-00028-H-1)

Submitted:  November 27, 2013    Decided:  December 13, 2013

Before KING, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Hughes, LAW OFFICES OF D. CRAIG HUGHES, Houston, Texas, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth B. Kubinski appeals[*] the district court's orders denying him relief under Fed. R. Crim. P. 35 (1990) ("old Rule 35") and denying his postjudgment motion under Fed. R. Civ. P. 59(e). Our review of the record convinces us that Kubinski was properly sentenced under the federal Sentencing Guidelines, and that he is not entitled to relief under old Rule 35. Therefore, the district court did not err in denying relief under old Rule 35 or in declining to alter or amend the judgment.

In any event, the claims Kubinski asserts are more properly raised under 28 U.S.C.A. § 2255 (West Supp. 2013), but because he has already challenged the convictions in question under § 2255, he cannot file a second or successive motion without authorization from this Court. In accordance with Circuit authority, we have construed Kubinski's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization

---

[*] We reject the Government's claim that Kubinski's notice of appeal is untimely. See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 279 (4th Cir. 2008) ("[D]esignation of a postjudgment motion in the notice of appeal is adequate to support a review of the final judgment when the intent to do so is clear." (internal quotation marks omitted)).

to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h). Kubinski's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>